No.   94-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

　　　　Plaintiff and Respondent,

　　v.

RENO McLAUGHLIN,

　　　　Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Scott A. Albers, Attorney at Law, Great Falls,
　　　　　　Montana

　　　　For Respondent:

　　　　　　Hon. Joseph P. Mazurek, Attorney General; Jennifer
　　　　　　Anders, Ass't Attorney General, Helena, Montana

　　　　　　Brant Light, Cascade County Attorney, Great Falls,
　　　　　　Montana

Submitted on Briefs:   July 6, 1995

Decided: September 8, 1995

FILED

SEP 08 1995

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant Reno McLaughlin appeals from his convictions in the Eighth Judicial District Court, Cascade County, for two counts of sexual intercourse without consent and his designation as a dangerous offender. We affirm.

S.R.M. is the natural mother of J.K.M., a ten-year-old male, and J.M.M., a five-year-old female. S.R.M. is married to McLaughlin. McLaughlin is not the children's biological father. After enduring a period of sexual abuse by McLaughlin, J.K.M. and J.M.M. informed their mother that they were being molested by McLaughlin.

S.R.M. contacted the police and took steps to keep McLaughlin from being alone with the children. At trial the children testified that McLaughlin forced them to engage in a number of sexual acts with him, including masturbation, oral intercourse, vaginal and anal intercourse, and that he forced them to engage in sexual contact with each other. J.K.M. and J.M.M. further testified that McLaughlin threatened both children with a shotgun, that he tried to run over J.K.M. with a motorcycle, and that he threatened to harm members of their family. Additional facts appear where necessary in the remainder of this opinion.

McLaughlin was charged by information with two counts of sexual intercourse without consent in violation of § 45-5-503(1), MCA. McLaughlin was found guilty by jury verdict and filed a motion for new trial. The motion was denied. McLaughlin was sentenced to twenty years in prison on each count, to run

2

consecutively. McLaughlin received an additional ten-year sentence for his use of a weapon during commission of a crime. Finally, McLaughlin was designated a dangerous offender for parole eligibility purposes.

McLaughlin raises five issues on appeal.

1. Did the State fail to give McLaughlin just notice under Rule 404(b), M.R.Evid., for the following sub-issues:

(a) Questioning J.K.M. regarding McLaughlin's shotgun and threats to kill J.K.M. and his family?

(b) Questioning J.K.M. regarding McLaughlin's alleged flight from police and attempts to remove/conceal McLaughlin's shotgun?

(c) Questioning J.K.M. regarding McLaughlin's confession to him of the murder of another individual and the reasonableness of J.K.M.'s fear of being killed by McLaughlin?

(d) Questioning J.K.M. regarding McLaughlin's attempts to kill him by running over him with a motorcycle?

(e) Questioning J.M.M. regarding McLaughlin's threats to kill her?

(f) Questioning Officer Grubb regarding S.R.M.'s hearsay statement to him that McLaughlin "had a violent temper?"

(g) Questioning Officer Grubb regarding S.R.M.'s hearsay statement to the police that McLaughlin "had previously been in prison?"

(h) Questioning Officer Bellusci and obtaining the statement that "evidently that gun was one that he had when he was out to get his ex-wife --?"

(i) Questioning McLaughlin regarding his alleged bigamy at the time of his marriage to S.R.M.?

(j) Questioning McLaughlin regarding his suspicions that the possession of a particular gun **may** have been illegal?

2. Did the State's use of an expert to testify to the

3

truthfulness of a child witness violate McLaughlin's right to confront the witnesses against him?

3.   Did the State violate McLaughlin's right to a fair trial by making improper comments during closing argument?

4.   Did the District Court violate McLaughlin's right to a fair trial when it admonished defense counsel not to object during closing argument "until you have a real serious reason to do it?"

5.   Did the District Court improperly construe Rule 801(d) (1) (B), M.R.Evid.?


Issue I

(a)   Did the State fail to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning J.K.M. regarding McLaughlin's shotgun and threats to kill J.K.M. and his family?

McLaughlin did not object at trial to the allegations contained in sub-issue (a). We have held that the failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA. State v. Arlington (1994), 265 Mont. 127, 151, 875 P.2d 307, 321. Section 46-20-104(2), MCA, provides:

> (2) Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2). [Emphasis added.]

None of the exceptions in § 46-20-701(2), MCA, apply to the instant case. We hold that McLaughlin is barred from raising sub-issue (a) on appeal and we need not further consider the merits of this sub-issue.

(b) Did the State fail to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning J.K.M. regarding

4

McLaughlin's alleged flight from police and McLaughlin's attempts to conceal his shotgun from authorities.

Rule 404(b), M.R.Evid., provides that:

> Other crimes, wrongs, acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In State v. Just (1979), 184 Mont. 262, 602 P.2d 957, we held that the State must provide notice, prior to trial, when it intends to offer evidence of other crimes, wrongs, or acts at trial.

McLaughlin's objection was based upon a motion in limine which did not address the question of any shotgun evidence. Further, McLaughlin has not cited to any pretrial ruling which would have limited the discussion of shotgun evidence. We hold that the court did not err in overruling the objection.

> (c) Did the State fail to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning J.K.M. regarding McLaughlin's confession to him of the murder of another individual and regarding the reasonableness of J.K.M.'s fear of being killed by McLaughlin.

In the context of the acts committed by McLaughlin, the reasonableness of J.K.M.'s fear of being killed by McLaughlin was not another crime, wrong, or act. Rather, J.K.M.'s fear of being killed or harmed was closely tied to how McLaughlin was able to force himself upon J.K.M. and J.M.M. through the use of fear and intimidation. Therefore, Just notice does not apply.

After asking J.K.M. about his fear of being killed by McLaughlin, the prosecutor asked J.K.M., "Do you think he is capable of [killing you]?" J.K.M. responded "Yes" and the

5

prosecutor asked "Why?" McLaughlin's counsel objected, claiming that this question was speculative. The court overruled the objection and J.K.M. answered suggesting that if McLaughlin ever got out of jail and saw J.K.M., J.K.M. would be dead. The prosecutor then asked, "Let me get more specific. Has he ever claimed to have killed anyone--." The court interrupted and terminated that line of questioning. The question was never completed and was never answered. More importantly, McLaughlin did not properly object to this question on Rule 404(b) or Just notice grounds. McLaughlin fails to demonstrate that the prosecutor's unanswered questions in any way impaired his right to a fair trial. We hold that this was not a reversible error. See Arlinston, 875 P.2d at 321.

> (d) Did the State fail to give McLaughlin Just notice under Rule 404(b) M.R.Evid., for questioning J.K.M. about McLaughlin's attempts to kill J.K.M. by running over him with a motorcycle?

McLaughlin did not object at trial to questioning or testimony about his attempts to kill J.K.M. by running over him with a motorcycle. We have held that the failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA. Arlington, 875 P.2d at 321. None of the exceptions in § 46-20-701(2), MCA, apply to the instant case. We hold that McLaughlin is barred from raising this issue on appeal.

> (e) Did the State fail to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning J.M.M. about McLaughlin's threats to kill her?

McLaughlin did not object at trial to the questioning of

J.M.M. regarding his threats to kill her. We have held that the failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA. Arlington, 875 P.2d at 321. None of the exceptions in § 46-20-701(2), MCA, apply to the instant case. Therefore, McLaughlin is barred from raising this issue on appeal.

> (f) Did the State fail to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning Officer Grubb about S.R.M.'s hearsay statement to him that McLaughlin "had a violent temper."

During the prosecution's redirect examination, the following statements were made regarding S.R.M. 's returning to the house that she shared with McLaughlin:

> PROSECUTION: And did she indicate that she felt that would be a problem?

> WITNESS: She indicated to me that Reno had a violent temper.

> McLAUGHLIN'S COUNSEL: Objection, Your Honor, this goes into 404(b), and no Just notice was filed.

> PROSECUTION: The question is, did she indicate to you there would be a problem if she returned to the home with the kids; did you write anything about that in your report?

While the witness' response touched on McLaughlin's violent temper, the questioning did not attempt to elicit character-type or other crimes evidence. McLaughlin fails to demonstrate that the prosecutor's statements in any way impaired his right to a fair trial. This was not a reversible error. See Arlinston, 875 P.2d at 321. We hold that this was not a Rule 404(b) or Just notice violation and did not deprive McLaughlin of a fair trial.

> (g) Did the State fail to give McLaughlin Just notice under

7

Rule 404(b), M.R.Evid., for questioning Officer Grubb about S.R.M.'s hearsay statement to the police that McLaughlin "had previously been in prison?"

The State asked Officer Grubb to refer to his report to see if it indicated whether the children's mother had any concerns about taking the children back to the residence where McLaughlin resided. The officer read from the wrong line of the report and gave a non responsive answer to the effect that McLaughlin had previously been in prison. The trial. transcript evidences that this was an honest mistake by the officer and was not an error attributable to the prosecution. More importantly, this was not an error that supports a Rule 404(b) or Just notice violation. We note finally that the judge admonished the jury to disregard the improperly read lines, thus minimizing any harm to McLaughlin. We hold that the State was not required to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning Officer Grubb in an instance wherein he mistakenly read a statement given to the police that McLaughlin "had previously been in prison."

> (h) Did the State fail to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning Officer Bellusci and obtaining the statement that "evidently that gun was one that he had when he was out to get his ex-wife --"?

McLaughlin objected that Officer Bellusci's statement that "evidently that gun was one that he had when he was out to get his ex-wife . . ." was irrelevant and prejudicial. The court granted the defense's motion to strike the answer. McLaughlin's counsel did not make a Rule 404(b) or Just notice objection. We have held that the failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104,

8

MCA. Arlington, 875 P.2d at 321. None of the exceptions in § 46-20-701(2), MCA, apply to the instant case. We hold that McLaughlin is barred from raising this issue on appeal.

> (i) Did the State fail to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning McLaughlin regarding his alleged bigamy at the time of his marriage to S.R.M.

McLaughlin allegedly did not divorce his first wife before marrying S.R.M. McLaughlin argues that because bigamy is a crime, the State was required to give Just notice regarding its questions about his marital status. We disagree. The State did not raise the question of bigamy during its case-in-chief. Rather, it raised the issue in its cross-examination of McLaughlin after he had testified that he was married to S.R.M.

In a conference with the judge and counsel, away from the jury, the judge concluded that evidence of bigamy pertained to McLaughlin's credibility and was therefore admissible. We conclude that the District Court correctly allowed this evidence. McLaughlin testified that he was married to S.R.M. and that she had coached the children to make false accusations of sexual abuse because of a pending divorce which S.R.M. did not want. Having testified about his marriage/divorce situation with S.R.M., McLaughlin opened the door to discussion of the legality of his marriage in the first instance. We hold that the District Court did not err in allowing the State to question McLaughlin regarding his alleged bigamy at the time of his marriage to S.R.M.

> (j) Did the State fail to give McLaughlin Just notice under Rule 404(b), M.R.Evid., for questioning McLaughlin as to whether he possessed a particular gun that may have been illegal.

9

On direct examination McLaughlin testified that he possessed a shotgun. Although McLaughlin testified that he possessed a shotgun, McLaughlin conceded, on cross-examination, that he had not identified the shotgun as his own. Rather, he testified that the shotgun was given to him by a friend who was leaving town to work as a traveling harvester. McLaughlin further testified that he could not remember his friend's last name and that he referred to him as "Fat Mike." Finally, McLaughlin testified that, by the time of trial, he had not been asked to return the shotgun.

On cross-examination the prosecutor asked McLaughlin if he knew that the shotgun was an illegal length. McLaughlin answered that "I had my suspicions it was illegal, but I thought it was--" whereupon his counsel objected. The judge ruled that the answer went to McLaughlin's credibility. We agree.

Having testified about his possession of the shotgun on direct examination, McLaughlin opened the door to cross-examination as to the legality of the shotgun length. We hold that the questions as to the legality of the shotgun were legitimate cross-examination.

Issue II

Did the State's use of an expert to testify to the truthfulness of a child witness violate McLaughlin's right to confront the witnesses against him?

McLaughlin did not object to expert testimony about the truthfulness of child witnesses. We have held that the failure to raise an issue before the district court bars a defendant from

raising the issue on appeal under § 46-20-104, MCA. Arlington, 875 P.2d at 321. None of the exceptions in § 46-20-701(2), MCA, apply to the instant case. We hold that McLaughlin is barred from raising this issue on appeal.

Additionally, we note that we are unaware of any Montana authority prohibiting a qualified expert from testifying about the credibility of a minor sexual abuse victim who has testified at trial and whose credibility has been challenged. In State v. Scheffelman (1991), 250 Mont. 334, 342, 820 P.2d 1293, 1298, we held that this type of expert testimony is permitted in Montana. Finally, given the nature of the defense's cross-examination of J.K.M. and J.M.M., their credibility was sufficiently challenged to warrant expert testimony about their credibility.

## Issue III

Did the State violate McLaughlin's right to a fair trial when the State referred to McLaughlin as "a sick individual" and "pedophile" in its closing and when it told the jury that McLaughlin "has inconvenienced all of us to come here and conduct this trial?"

The relevant comments by the prosecutor are as follows:

PROSECUTION: They want you to think this is a vendetta of the mother [S.R.M.] and the defendant. For what? They weren't even legally married. There was no divorce here, and no need for one.

. . . .

There is no custody battle here, they are not his kids. There is no reason for a custody battle, no reason for any of that.

What's the reason for all of this? The reason is you have got one sick individual there that likes to molest children. It's a case of a pedophile.

11

THE COURT: Sit down.

McLAUGHLIN'S ATTORNEY: I must object. . . .

THE COURT: He can state that if he wishes . . . .

McLaughlin argues that we should apply State v. Statczar (1987), 228 Mont. 446, 743 P.2d 606. McLaughlin urges that Statczar stands for the proposition that attorneys should not proclaim personal opinion to a jury as such proclamation invades the province of the trier of fact.

In Statczar the prosecutor commented that the prosecutor's office was too busy to prosecute innocent persons. Although we disapproved of prosecutors expressing personal opinions in Statczar, we found no evidence of undue prejudice.

We do not here consider whether the comments McLaughlin challenges were accurate or appropriate. Rather we decide whether the comments constituted undue prejudice depriving McLaughlin of a fair trial. We do not condone this type of characterization in front of a jury. However, considered in light of McLaughlin's closing argument, which included suggestions that the mother coached the children to falsely testify against him and that the mother inappropriately influenced the prosecution, the prosecutor was arguing that this was a case of psychiatric disorder (pedophilia) rather than a case of witness coaching. We conclude that McLaughlin has not shown, and we do not find, that these comments constituted undue prejudice or denial of a fair trial.

McLaughlin's appeal brief also makes passing reference to the fact that the prosecutor, during closing, suggested that "they

12

inconvenienced all of us to come here, and conduct a trial." McLaughlin does not cite any authority as to why this would constitute error nor does he present any argument to the effect that the comment prejudiced him or denied him a fair trial. A party asserting error by the district court must present argument, supported by citation to legal authorities. Rule 23, M.R.App.P. We note that the comment was made in the context of the State's characterization (whether accurate or not) of the testimony of defense witness Kathy Taylor who wrote a statement indicating that she knew McLaughlin **was** not guilty. According to the State, Ms. Taylor gave the statement to McLaughlin's mother. In closing, the State was pointing out that, if this statement were so important to the defense, it was incongruous for the defense to have not turned that information over to the police or to the county attorney, rather than inconveniencing everyone "to come here and conduct a trial." When the comment was objected to, the prosecutor, in the presence of the jury, stated that he was not talking about the "client," McLaughlin. We conclude that the comment did not constitute undue prejudice or deny McLaughlin a fair trial.

Issue IV

Did the District Court violate McLaughlin's right to a fair trial when, after the State commented in its closing that McLaughlin was a sick individual and pedophile, the District Court told the defense, "Don't interrupt until you have a real serious reason to do it?"

After the prosecutor's comments during closing, McLaughlin objected, stating "I must object to the characterization of my

client as a sick individual and pedophile." The judge responded:

> He can state that if he wishes. Now don't interrupt on that, you know he can make those statements. Don't interrupt until you have a real serious reason to do it.

McLaughlin argues that the court's response demonstrated to the jury that the court did not consider such slander improper and that it agreed with the prosection's comments. McLaughlin concludes that the court's response to the objection impliedly told the jury to convict McLaughlin and denied McLaughlin an unbiased judge. We disagree.

McLaughlin presents no law, and we have found none, to suggest that a judge may not instruct attorneys about their conduct. It may have been preferable for the judge to have simply overruled the objection, but because of the wide latitude generally afforded in closing arguments, the judge's comments were permissible. Particularly in light of our holding that the prosecutor's comments which prompted the objection did not deny McLaughlin a fair trial, we hold that neither did the judge's comments deny McLaughlin a fair trial.


Issue V

> Did the District Court improperly construe Rule 801(d)(1)(B), M.R.Evid.?

McLaughlin argues that testimony presented by police officers about what J.K.M. and J.M.M. had stated during the police investigation violated Rule 801(d)(1)(B), M.R.Evid. Although the State does not raise the issue in its brief, the record indicates that McLaughlin did not object to the testimony in question as

14

containing prior consistent statements in violation of Rule 801(d)(1)(B), M.R.Evid. As we indicated in Issue 1(a) above, the failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_W. William Beughmut_
Justice

We concur.

_J. A. Turnage_
Chief Justice

_Justices_

September 8, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Scott A. Albers
Attorney at Law
Cascade County Courthouse
415 2nd Ave. No., RM 110
Great Falls, MT 59401

Patrick L. Paul
Cascade County Attorney
Cascade County Courthouse
Great Falls MT 59401

Joseph P. Mazurek, Attorney General
   , Assistant
Justice Building
215 N. Sanders
Helena MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy